CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 4:17-cr-00006 |
| v. ) | |
| ) | |
| TYREE BRADFORD GRAVETT, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Tyree Bradford Gravett's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 100. The Federal Public Defender has supplemented Gravett's pro se request. ECF No. 104. The government opposes it. ECF No. 106. For the reasons stated herein, the court will **DENY** Gravett's motion.

**I.**

On November 28, 2017, Gravett pleaded guilty pursuant to a Rule 11 plea agreement to one count of possessing 28 grams or more of crack cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ECF No. 75. In his plea agreement, the parties anticipated that the defendant's applicable guidelines range would be 46–57 months, which is lower than the applicable statutory minimum sentence of 60 months. Id. at 2. The government agreed to recommend a sentence of 60 months. Id. At the time, Gravett had a prior state conviction for possessing 4.67 grams of powder cocaine. ECF No. 91 at 6. Gravett, then 18 years old, was sentenced by the Commonwealth to 7 years imprisonment with 5 years and 6 months suspended. Id. After his federal guilty plea, a capias was issued for Gravett because his new federal conviction violated a condition of his suspended sentence for his state

1

conviction. Rather than have Gravett serve a separate 12-month sentence in state prison, which would have made him ineligible for the federal Residential Drug Abuse Treatment Program (hereinafter "RDAP"), the Danville Circuit Court, the Commonwealth, and Gravett's counsel agreed to recommend to this court a 72-month sentence so that Gravett could be punished for his state probation violation and still participate in the RDAP program. ECF No. 87. On April 5, 2018, the court sentenced Gravett to 72 months imprisonment for this crime. ECF No. 89. Gravett has been in continuous custody since February 23, 2017, ECF No. 91 at 1, and has served over 60 percent of his sentence. ECF No. 104-1 at 6. Gravett is currently housed at FMC Lexington and is scheduled to be released on August 18, 2021.[1]

Gravett seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Gravett is obese and he was also the primary caregiver for his ill mother prior to his incarceration. ECF No. 104 at 2. Gravett seeks immediate release to home confinement for the remainder of his sentence. Id. at 1. The government opposes any sentence reduction for Gravett. ECF No. 106. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Feb. 8, 2021) (search "Tyree Bradford Gravett").
[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Gravett's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Gravett is a danger to the safety of the community.

    i.    <u>Gravett has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant

3

fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Gravett states that he requested compassionate release from the warden of his facility on July 22, 2020. ECF No. 104 at 2. On August 14, 2020, the warden reportedly notified Gravett that his request had been denied. Id. Gravett filed a motion for compassionate release with this court on August 10, 2020. ECF No. 100. Though Gravett's motion lacks supporting exhibits and he apparently filed his motion with this court before his administrative request was denied, the government does not contest that Gravett has exhausted his administrative remedies. ECF No. 106. Accordingly, the court finds that Gravett has satisfied the statute's exhaustion requirements and, to the extent he has not, the government has waived the exhaustion requirement.

ii.   Gravett presents extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old,

4

has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

---

[3] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).

5

Here, Gravett is obese, which places him at an "increased risk of severe illness from" COVID-19.[4] The government acknowledges that, although Gravett's obesity would not "establish compelling and extraordinary circumstances in ordinary times, [it is] sufficiently exceptional in light of the ongoing pandemic." ECF No. 106 at 6. Gravett also argues that his mother needs him at home to care for her given her poor health, though Gravett acknowledges he is not her only available caregiver, as required for consideration under Application Note C. U.S.S.G. § 1B1.13 cmt. n. 1(C); ECF No. 104 at 7.[5] However, the court agrees with the parties that Gravett's obesity creates a particularized susceptibility to severe illness from COVID-19, supporting a reduction in his sentence.

The court also finds that Gravett has shown that he faces a particularized risk of contracting the virus at FMC Lexington. Currently, FMC Lexington has confirmed active COVID-19 cases for 8 inmates and 7 staff.[6] Accordingly, the court finds that Gravett has established extraordinary and compelling reasons to warrant a reduction in his sentence.

iii. Gravett is not a danger to the safety of the community, but a sentencing reduction is not appropriate after considering the § 3553(a) factors.

Having found that extraordinary and compelling reasons exist to warrant a reduction in Gravett's sentence, the court must consider if Gravett is a danger to the safety of another

---

[4] Id.
[5] The court also notes that Application Note C only discusses caregivers of children and spouses. Some courts have granted compassionate release when a close family member beyond the inmate's spouse, partner, or minor child requires the inmate's care, such as a parent or adult child. See, e.g., United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting motion where inmate was only available caregiver of his mother). Other courts have refused to go beyond the listed family members in the application note. See, e.g., United States v. Goldberg, No. 12-180(BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (denying motion in part because parents are not listed under U.S.S.G. § 1B1.13); United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5 (E.D. La. Dec. 27, 2019) (denying motion because inmate's disabled child was not a minor).
[6] Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Feb. 8, 2021) (find "FMC Lexington" on interactive map).

6

person or the community as a whole, and if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(2); see also Turner v. United States, No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) ("[T]he court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Pursuant to § 1B1.13(2), the court must consider the 18 U.S.C. § 3142(g) factors in determining whether Gravett is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Ramirez, No. 7:16-cr-55, 2020 WL 5637402, at *3 (W.D. Va. Sept. 21, 2020) (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020)).

Gravett is incarcerated because of his possession and intent to distribute more than 28 grams of cocaine. ECF No. 75. Gravett committed the instance offense after being convicted in state court for possession of cocaine with intent to distribute. ECF No. 91 at 6. But the conduct underlying Gravett's instant conviction was nonviolent, and he has maintained a perfect disciplinary record while in prison. ECF No. 104-1 at 2. Gravett has served over 60 percent of his current sentence, id. at 6, and he has worked to rehabilitate himself by obtaining his GED and participating in the RDAP program. Id. at 3–4. Based on all of these circumstances, the court finds that Gravett will not pose a danger to the community upon his release.

The court must also consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

As discussed above, Gravett pleaded guilty to possessing cocaine with an intent to distribute. The government argues that the §3553(a) factors weigh against release because Gravett "was found with distribution amounts of crack just a couple of years after having previously been convicted and jailed" for similar crimes. ECF No. 106 at 6. The BOP considers Gravett to be at a high risk for recidivism. ECF No. 104-1 at 3. Ultimately, the court is hopeful that Gravett will not let these convictions define him and is impressed by his efforts to rehabilitate himself. But this court is particularly mindful of the balance struck in Gravett's sentence between our state and federal systems. Gravett remained eligible for one of those rehabilitation programs, the RDAP program, because of a compromise reached between his counsel and the Commonwealth of Virginia. ECF No. 87 at 2. Specifically, "in an effort to strike a balance between punishment and rehabilitation, the Commonwealth agreed that if counsel for the Defendant could convince this Court to impose a sentence of 72 months, 12 months above the mandatory minimum, then they would not oppose a request for the

8

sentences to be run concurrent." Id. The court finds that Gravett's arguments for compassionate release are outweighed by the circumstances of his particular sentence, which represents not only a compromise between punishment and rehabilitation, but also between our state and federal systems. Preserving that balance is necessary to provide just punishment and promote respect for the law. Accordingly, the court finds that the §3553(a) factors weigh in favor of continued incarceration.

### III.

For these reasons, the court will **DENY** Gravett's motions for compassionate release, ECF Nos. 100, 104. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: February 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 16:27:56
-05'00'

Michael F. Urbanski
Chief United States District Judge